SUMMARY ORDER

William and Margaret Cuff, on behalf of their minor son B.C., appeal from a judgment in the United States District Court for the Southern District of New York *693 (Conner, J.) dismissing their § 1983 claims against the Valley Central School District and Barbara Knecht, the principal of B.C.’s school. The Cuffs allege that B.C.’s First Amendment rights were violated when he was suspended for six days after submitting an alleged threat of violence to his teacher during an in-class assignment. The district court granted defendants’ motion to dismiss on the grounds that B.C.’s speech was not constitutionally protected and that his punishment was not unconstitutionally severe. Cuff v. Valley Cent. Sch. Dist., 559 F.Supp.2d 415 (S.D.N.Y. 2008). On appeal, the Cuffs argue that the school could not have reasonably concluded that B.C.’s statement constituted an actual threat and that B.C.’s punishment was excessive. We assume the parties’ familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.
“We review dismissals pursuant to Rule 12(b)(6) de novo, assuming all well-pleaded factual allegations to be true, and determining whether they plausibly give rise to an entitlement to relief.” South Cherry Street, LLC v. Hennessee Group LLC, 573 F.3d 98, 103-04 (2d Cir.2009) (citations omitted).
“[S]tudent expression may not be suppressed unless school officials reasonably conclude that it will ‘materially and substantially disrupt the work and discipline of the school.’ ” Morse v. Frederick, 551 U.S. 393, 127 S.Ct. 2618, 2626, 168 L.Ed.2d 290 (2007) (quoting Tinker v. Des Moines Ind. Cmty. Sch. Dist., 393 U.S. 503, 513, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969)); see also Wisniewski v. Bd. of Educ. of Weedsport Cent. Sch. Dist., 494 F.3d 34, 38 (2d Cir. 2007) (same). In Wisniewski we affirmed entry of summary judgment in favor of a school where “no reasonable jury could disagree,” based on the summary judgment record, that the student’s speech “would foreseeably create a risk of substantial disruption within the school environment.” Wisniewski, 494 F.3d at 40.
By contrast, this case is before us at the pleading stage, and the particular facts pled do not compel a similar conclusion: B.C. was, at the time of the infraction, a ten-year-old fifth-grade student; his apparent threat was made in crayon in direct response to a school assignment; he did not show the assignment to any classmates but rather handed it directly to his teacher; and B.C. had no other disciplinary history that would suggest a violent tendency. We cannot say, based on these facts, that it was reasonable as a matter of law to foresee a material and substantial disruption to the school environment, just as we cannot say that foreseeing such a risk was, as a matter of law, unreasonable. And because we cannot conclude at this stage that the First Amendment permits any punishment of B.C. for his speech, we need not reach the separate question of whether the extent of punishment itself violates the First Amendment. The district court’s judgment is therefore vacated and the matter remanded for further proceedings.
Accordingly, we hereby VACATE the judgment of the district court and REMAND this matter for further proceedings consistent with this order.